WILLIAM H. WOGLOM ET AL, PLAINTIFFS IN ERROR, v. CITY OF PERTH AMBOY ET AL., DEFENDANTS IN ERROR.

Argued July 1, 1910—Decided November 14, 1910.

A judgment of the Supreme Court dismissing a writ of *certiorari* upon a final hearing of the merits is reviewable in this court.

---

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 193.

For the plaintiffs in error, *Beekman & Spencer* and *Alan H. Strong*.

For the defendants in error, *Coult & Smith* and *Charles C. Hommann*.

PER CURIAM.

This writ of error brings under review a judgment of the Supreme Court which, by its terms, vacated the *allocatur* upon a writ of *certiorari* and dismissed the writ. The *certiorari* had been allowed upon the application of the now plaintiffs in error.

Its object was to bring under review the proceedings had for the sale and conveyance of certain lands in the city of Perth Amboy under the so-called Martin act. *Pamph. L.* 1886, *p.* 149; *Gen. Stat., p.* 3370.

This court has no authority to review the exercise by the Supreme Court of its discretion about allowing or refusing to allow a writ of *certiorari*, nor to review the action of that court where the dismissal of such a writ is based upon any ground that lies in discretion.

But the dismissal of a writ of *certiorari*, ordered by the Supreme Court upon a final hearing of the merits, is reviewable. *State, Hoxsey, pros.,* v. *City of Paterson,* 10 *Vroom* 489, 495; *Middleton* v. *Robbins,* 25 *Id.* 566.

In the present case, the Supreme Court had before it the materials necessary for the decision of the legal questions raised by the prosecutors in *certiorari*, and, in fact, decided those questions. We agree with the views expressed in the opinion of Mr. Justice Voorhees.

It would seem that those views might well have led to an affirmance of the proceedings that were under review, rather than to a judgment vacating the *allocatur* and dismissing the writ of *certiorari*. But if there be error in the form of the judgment in this regard, it works no harm to the plaintiffs in error, and so is no ground for reversal at their instance.

The judgment should therefore be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Minturn, Bogert, Vredenburgh, Vroom, Congdon, JJ. 11.

*For reversal*—None.